EDITH PUFFER MOORE, Appellant, v. REGISTRAR OF PROPERTY OF SAN JUAN (FIRST SECTION), Respondent.

No. 1105.   Submitted November 2, 1942.—Decided November 17, 1942.

*Brown, González & Newsom* and *Carlos J. Fawre* for appellant.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Edith Puffer Moore, alleging that she was the owner of a three-story masonry house (No. 12) on Cruz St., San Juan, Puerto Rico, filed a petition with the registrar of the district, First Section, asking him to cancel certain annotations, and on June 27, 1942, the registrar denied the petition because "it was not permissible to make the cancellation without the consent of María Ana Otero Mahones, who is the person in whose favor the annotations, the cancellation of which is now sought, were drawn, or by a resolution of a competent court."

Mrs. Moore filed another petition with the registrar requesting the total cancellation of the limitations established

in the 7th and 8th entries respecting the above-mentioned property and curing the defect assigned by the registrar in the entries, as well as the marginal note to the 7th entry in favor of María Ana Otero Mahonés. In his note of July 6, 1942, the registrar insisted on his denial, and it is against this refusal that this administrative appeal is taken.

As may be readily seen, we must first look into the power of the registrar to do what is asked of him. It is of no import how meritorious the petition may be. If the registrar is without power, he was correct in refusing to act, it being the petitioner's duty to obtain the consent of the interested party or the pertinent judicial decree if said party should refuse.

The facts are numerous and confused. We shall try to state them succinctly, using as a basis a certificate of the registration entries issued by the registrar and incorporated into the record.

Josefa Penelas Hernández, former owner of the house involved herein, died on February 1914 after having drawn a will in which she constituted Evarista Rivera and her daugthers Isabel and Providencia Mahonés as legatees of the usufruct of the house, bequeathing the title rights (*nuda propiedad*) to Hilario Pérez, as follows:

"I grant and bequeath to Evarista Rivera and her daughters Isabel and Providencia Mahonés houses No. 12 and No. 24 on Cruz Street and house No. 49 on Sol St. as life tenants, share and share alike, and the title rights (*nuda propiedad*) to Don Hilario Pérez Alonso Cuevillas. The life tenants are hereby relieved from the obligation of giving bonds, and they will have the free administration of the house. As they become deceased, the title rights will consolidate on the others surviving. If at the death of Isabel or Providencia they should have one or more children by matrimony, the latter will be the legatees of the title rights; but if they should die before reaching the age at which they may draw a will, or if they should die intestate, said Hilario Pérez will be the legatee . . ."

In the same year of 1914, some time after the testatrix died, the legatee Evarista Rivera died, and an entry was made in the registry on August 17, 1916, stating that one—third of the undivided usufruct which was hers became consolidated in Hilario Pérez, owner of the title rights.

In 1915 Hilario Pérez and Isabel and Providencia Mahonés appeared before a notary public and, stating that they did not wish to continue holding in common, they made a transfer among themselves of their respective rights, Isabel and Providencia thereby remaining as exclusive owners of the house which now belongs to the petitioner. The entry of the deed executed with respect to said house was made on August 17, 1916, as follows:

". . . Therefore, and noting the curable defect that because of the wording that appears in the 8th clause of the will made by Doña Josefa Penelas, doubt arises as to the meaning and breadth that the testatrix wanted to give to the condition subsequent of the grant of the title rights made to Don Hilario Pérez, and established in favor of the children of Da. Isabel and Da. Providencia Mahonés who may be living at the death of the latter according to the last provision of said 8th clause; and it can not be accurately determined if the exception therein provided refers to the holding of the title rights to the three houses bequeathed or if it is only circumscribed to that part of the usufruct enjoyed by the respective mothers mentioned, according to the interpretation of the grantors approved by the court, in which case the children of Da. Isabel and Da. Providencia Mahonés will not acquire any title rights other than those which may exist without consolidating with the usufruct at the death of one or the other, I therefore make an entry in favor of Da. Isabel and Da. Providencia Mahonés Rivera, of the full ownership of one-third of this house and of two-thirds of the title rights to the same, as settlement, likewise stating the above-mentioned defect . . ."

On March 10, 1942, the registrar made a marginal note, on the entry to which we have just referred, of a deed executed by María Ana Otero Mahonés in which it was stated that she was the legitimate daughter of Isabel Mahonés, that she was born in 1914 and that she held the rights that could

correspond to the children of Isabel and Providencia Mahonés, in accordance with the 8th clause of the will made by Mrs. Penelas, which we have hereinbefore transcribed.

This mere statement of facts is sufficient to conclude that the registrar was correct to act as he did, since within our mortgage law system, where some rights appear from the registry as belonging to a certain person, the registrar is without power to change them without that person's consent, unless it is ordered by a competent court. (*Roman Catholic Church* v. *Registrar*, 59 P.R.R. 109, and cases cited therein.) There can be no doubt in this case, with or without reason, that there really appears in the registry something that seems to be favorable to María Ana Otero Mahonés which may not be cancelled without her consent or by a judicial decree adverse to her.

The appeal must be dismissed.